UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT D. SANGO,

        Plaintiff,                      Case No. 1:15-cv-358

v.                                            Honorable Gordon J. Quist

UNKNOWN WATKINS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Wolffer. The Court will serve the complaint against Defendants Watkins and Burns.

**Discussion**

    I.      Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections at the Baraga Maximum Correctional Facility, however the events about which he complains took

place while he was housed at the Ionia Correctional Facility (ICF). Plaintiff sues three ICF Correctional Officers: Unknown Watkins, Unknown Burns and Unknown Wolffer.

In his complaint, Plaintiff alleges that on March 20, 2015, he was taken out of his cell to meet with an attorney regarding the misconduct of certain ICF correctional officers, including Defendant Watkins, toward another inmate. As Plaintiff was leaving his cell, Defendant Watkins said, "[Y]ou['re] going up to rat me out again (etc.)." (Compl., docket #1, Page ID#2). Plaintiff did not respond. When Plaintiff returned to his cell it had been ransacked by Defendant Watkins and another correctional officer. Personal and legal documents had been destroyed and a request for food loaf was placed on Plaintiff's cell door. As Plaintiff was entering his cell another prisoner called out to Plaintiff claiming that he had not been fed in 8 days. Defendant Watkins heard Plaintiff tell the other prisoner to stay strong because Plaintiff had just talked to an investigator from a law firm who was calling the state police. Defendant Watkins told Plaintiff "You[']re not going to eat." The next day, Defendant Watkins did not feed Plaintiff.

On March 26, 2015, Plaintiff was escorted to the shower by Defendant Wolffer. On the way to the shower, Defendant Watkins, who was apparently also present, began making sexually- explicit noises, which Plaintiff alleges was Defendant Watkins' way of mocking Plaintiff, who had been sexually assaulted by a correctional officer. Watkins also threatened "to ram a flashlight up [Plaintiff's] ass." (*Id.*) Plaintiff responded to Defendant Watkins's noise-making by saying, "that's mature," to which Defendant Watkins responded "so you just keep ratting me out huh [b]itch." (*Id.*) When Plaintiff asked Defendant Wolffer for a razor for the shower, Defendant Watkins said "he's going back to his cell." (*Id.*) As Plaintiff turned to go back to his cell, Defendant Watkins began to push him and tell the other correctional officers nearby to push Plaintiff over the rail. A struggle ensued with Plaintiff trying to get back to his cell without going anywhere

near the rail.  Plaintiff made it back to his cell.  Plaintiff alleges that Defendant Burns was "present at this event."  (*Id.*)

Shortly after filing his complaint, Plaintiff filed a "Declaration of Facts" in which he set forth additional factual allegations against Defendant Burns.  Plaintiff alleges that on March 29 and 31, 2015 and on April 5, 2015, Defendant Burns told other correctional officers not to allow Plaintiff to shower.  Additionally, on April 7, 2015, Defendant Burns told Plaintiff "don't even think about getting in that water (i.e. shower)." (Decl. of Facts, docket #3, Page ID#45.)   Additionally, Plaintiff alleges that on April 2, 2015, Defendant Burns told a nurse that she should not see Plaintiff concerning his complaints about Defendant Watkins poisoning him on March 26, 2015, because Plaintiff was a snitch.  The nurse went to Plaintiff's cell but did not conduct an examination and stated, "You['re] still telling [on] staff." (*Id.*)  That same day, unit porters warned Plaintiff that Defendant Burns and another correctional officer were talking about claiming that Plaintiff spit on one of them while going to the shower, so that Defendant Burns and the other correctional officer could "slam" Plaintiff.  (*Id.*)  Later, Plaintiff heard Defendant Burns tell a correctional officer to "s[l]am Sango on his face and knock that [b]itches teeth out." (*Id.*)

Plaintiff alleges a claim for retaliation.  He also arguably alleges a claim under the Eighth Amendment.  As relief, Plaintiff seeks monetary damages and declaratory and injunctive relief.

## II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that on March 26, 2015, Defendant Wolffer escorted him to the shower. Plaintiff makes no other allegations against Defendant Wolffer either in the complaint or in the later filed Declaration of Facts.

As explained above, while a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Plaintiff's sole allegation against Defendant Wolffer is that Defendant Wolffer escorted him to the shower. Plaintiff does not allege that Defendant Wolffer engaged in any actionable conduct. Consequently, Plaintiff fails to state a claim against Defendant Wolffer.

Following initial review, the Court concludes that Plaintiff's retaliation and Eighth Amendment claims against Defendants Watkins and Burns warrant service of the complaint.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Wolffer will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Watkins and Burns.

An Order consistent with this Opinion will be entered.


Dated:  July 15, 2015              /s/ Gordon J. Quist              
                                    GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE